UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JANE DOE,

              Petitioner,

    v.

DREW BOSTOCK, et al.,

              Respondents.

Case No. C24-0326-JLR-SKV

ORDER RE: MOTIONS TO FILE UNDER SEAL AND PROCEED UNDER PSEUDONUM

## INTRODUCTION

This matter comes before the Court on Petitioner's Administrative Motion to File Under Seal and Motion to Proceed Under Pseudonym. Dkts. 3 & 4. For the reasons discussed below, the Court herein GRANTS the Motion to Proceed Under Pseudonym, Dkt. 4, and DENIES the Motion to File Under Seal, Dkt. 3.

## BACKGROUND

Petitioner is an immigration detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington. Proceeding through counsel, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 and

complaint for declaratory and injunctive relief in which she seeks her immediate release from detention.  Dkt. 1.

Petitioner also seeks to proceed anonymously, using the name Jane Doe, and to seal numerous filings, including her petition for relief, declarations attached to the petition, and her pending motion seeking a temporary restraining order.  Dkt. 3 (seeking to seal Dkt. 1 & Exs. A-E and Dkt. 2).  In support of her request to proceed anonymously, Petitioner asserts that she has been subjected to significant sexual abuse inside and outside of prison and detention, and that, if her name is revealed, she faces serious risk of retaliation and future abuse because her abusers include both family members and correctional officers at the facility at which she is detained.  Dkt. 4.  Petitioner also asserts that her physical and mental health conditions put her at a high risk of abuse, and that revelation of her diagnoses would cause her significant personal hardship and embarrassment.  *Id*.  Petitioner further requests that she be allowed to seal the above-described filings because they contain sensitive medical and mental health information and descriptions of sexual assault, including allegations against correctional officers and dangerous individuals, and because the inclusion of these filings on the public docket will expose her to harm, embarrassment, and the risk of retaliation.  Dkt. 3.

DISCUSSION

A.    Motion to Proceed Under Pseudonym

Permitting a party to pursue legal proceedings anonymously interferes with the public's strong common law right of access to judicial proceedings and conflicts with Federal Rule of Civil Procedure 10.  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000); Fed. R. Civ. P. 10 (a) (specifying that "[t]he title of the complaint must name all the parties").  The Court may, however, permit parties to proceed anonymously where warranted by

the circumstances. *Does I thru XXIII*, 214 F.3d at 1067 (citing cases). Courts have, for example, permitted anonymity: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature;' and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]'" *Id*. at 1068 (alteration in original; internal citations omitted).

Under Ninth Circuit law, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* Where a pseudonym is used to shield a party from retaliation, the Court determines the need for anonymity by evaluating: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id*. (internal citations omitted).

The Court here finds granting Petitioner leave to proceed anonymously appropriate. First, Petitioner has not concealed her true identity from either Respondents or the Court, mitigating any prejudice to Respondents. Second, Petitioner's filings include details regarding sensitive and highly personal matters, including allegations of sexual abuse and assault, along with issues associated with her mental health. Third, Petitioner asserts that the individuals against whom she raises allegations of sexual abuse and assault pose a danger to her safety and well-being, and include one or more correctional officers at her current place of confinement. Fourth, both Petitioner's status as an incarcerated individual, with limited access to outside resources and dependence on NWIPC staff, and her alleged mental and physical health concerns enhance her vulnerability to retaliation. Fifth, and finally, this Court's local rules provide

interested parties opportunities to make countervailing arguments to the Court's ruling as to anonymity at a later date.  *See generally* Local Civil Rule (LCR) 5(g)(8).[1]

The Court notes that there are considerations that cut against permitting Petitioner to proceed anonymously.  For instance, public access to this matter is already restricted to case participants and public terminals, minimizing the risk that Petitioner's identity would be revealed if the Court denied her request to proceed anonymously.  *See also* LCR 5.2(c) (providing that the administrative record in an immigration action relating to removal or detention must be filed and maintained under seal "due to the prevalence of sensitive information and the volume of filings.")  However, the Court finds any such considerations outweighed by the factors identified above.  *See, e.g., Doe v. Ayers*, 789 F.3d 944, 945-46 (9th Cir. 2015) (finding use of a pseudonym appropriate for inmate who had been repeatedly sexually assaulted in prison and who faced significant risk of additional violence if his name was revealed).  Petitioner's request to proceed under a pseudonym is, therefore, appropriate.

B. <u>Administrative Motion to File Under Seal</u>

"There is a strong presumption of public access to the court's files."  LCR 5(g).  However, the presumption is not absolute and may be overcome.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  The party seeking to overcome the strong presumption in favor of public access must "'articulate[] compelling reasons supported by specific factual findings' that outweigh the general history of access and the public policies favoring disclosure[.]"  *Id*. at 1178-79 (alteration in original; internal citations omitted).  "What constitutes a compelling reason is best left to the sound discretion of the trial court."  *Center for*

---

[1] The Court herein addresses the motions to proceed under a pseudonym and to seal prior to the deadlines for responses from Respondents in an effort to promptly address both these motions and the pending motion for a temporary restraining order.

ORDER RE:  MOTIONS TO FILE UNDER SEAL
AND PROCEED UNDER PSEUDONUM - 4

*Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (cleaned up and quoted source omitted).

Under this Court's Local Civil Rules, the party seeking to keep materials under seal must show: (1) "the legitimate private or public interests that warrant the relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3) "why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B). "Evidentiary support from declarations must be provided where necessary." *Id*.

The Court finds that, even if Petitioner could be said to identify legitimate interests warranting the filing of one or more documents under seal, she does not show either that injury will result if her request is denied or the absence of an adequate alternative. First, because Petitioner will be permitted to proceed anonymously and because access to the materials in this immigration habeas proceeding are restricted to case participants and public terminals, Petitioner does not show she will suffer harm, embarrassment, and risk of retaliation if she is not granted leave to file under seal. *See, e.g., Doe v. Ayers*, 789 F.3d at 945 (denying request that court file opinion under seal upon concluding that plaintiff's identity could be reasonably protected through the use of a pseudonym); *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 997 (N.D. Cal. 2015) (rejecting request to allow future filings under seal where plaintiffs would be allowed to proceed pseudonymously). Second, and relatedly, Petitioner neither addresses, nor shows why the relief afforded through the ability to proceed under a pseudonym and the existing restrictions on access would not suffice to provide the protection sought. *See id*. The Court does not, for these reasons, find a sufficient basis for granting Petitioner's motion to seal.[2]

---

[2] The Court notes that its rules also require the filing of a certification that a party has met and conferred with all other parties in an attempt to reach an agreement on the need to file documents under seal, and set forth procedures that must be followed in the rare circumstances in which a motion is filed

ORDER RE:  MOTIONS TO FILE UNDER SEAL
AND PROCEED UNDER PSEUDONUM - 5

CONCLUSION

The Court, in sum and at this juncture, finds it appropriate to allow Petitioner to proceed under a pseudonym, but finds no basis to allow Petitioner to file under seal the Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, Dkt. 1, the declarations attached to that petition, *id*., Exs. A-E, or the Motion for a Temporary Restraining Order, Dkt. 2.  Accordingly, Petitioner's Motion to Proceed Under Pseudonym, Dkt. 4, is GRANTED, and her Administrative Motion to File Under Seal, Dkt. 3, is DENIED.  The Clerk is directed to send copies of this order to the parties and to the Honorable James L. Robart.

Dated this 18th day of March, 2024.

*[signature]*

S. KATE VAUGHAN
United States Magistrate Judge

---

under seal.  *See* LCR 5 (g)(3)(A) and (g)(5).  However, because the Court finds no basis for granting the motion to seal, it declines to further address these or any other provisions of the Court's rules.

ORDER RE:  MOTIONS TO FILE UNDER SEAL
AND PROCEED UNDER PSEUDONUM - 6