UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOE,<br><br>               Petitioner,<br><br>   v.<br><br>DREW BOSTOCK, et al.,<br><br>               Respondents. | CASE NO. C24-0326JLR-SKV<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

**I. INTRODUCTION**

Before the court is Magistrate Judge S. Kate Vaughan's report and recommendation, in which she recommends that Petitioner Jane Doe's ("Petitioner") motion for a temporary restraining order ("TRO") be denied. (R&R (Dkt. # 15); *see* TRO Mot. (Dkt. # 2).)  Petitioner filed timely objections on April 19, 2024. (Obj. (Dkt. # 16).)  Federal Respondents Drew Bostock, Moises Becerra, Patrick Lechleitner, Alejandro Mayorkas, and Merrick Garland (together, "Respondents") filed a timely response in opposition to Petitioner's objections on May 3, 2024. (Resp. (Dkt. # 17); *see*

1  R&R at 27 ("Responses to objections may be filed within fourteen (14) days after service
2  of objections.").) Petitioner requests leave to file a reply brief (Request (Dkt. # 18); *see*
3  Reply (Dkt. # 18-1)), which the court denies. *See* Local Rules W.D. Wash. LCR 72(b)
4  ("No reply will be considered."). The court has considered Magistrate Judge Vaughan's
5  report and recommendation, Petitioner's objections, Respondents' brief in opposition, the
6  relevant portions of the record, and the governing law. Being fully advised, the court
7  ADOPTS Magistrate Judge Vaughan's report and recommendation and DENIES
8  Petitioner's motion for a TRO.

## II. ANALYSIS[1]

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Here, Petitioner objects to Magistrate Judge Vaughan's conclusions that Petitioner (1) seeks mandatory injunctive relief, (2) fails to show a likelihood of success on the merits of her Rehabilitation Act claim, and (3) does not show the law and facts clearly favor her position that her detention has been unreasonably prolonged to the extent that it

//

---

[1] Because Petitioner raises no objections to Magistrate Judge Vaughan's recitation of the facts (*see generally* TRO Mot.), the court ADOPTS in full the background set forth in the report and recommendation. (*See* R&R at 2-8); *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("[D]e novo review of an R & R is only required when an objection is made to the R & R[.]").

violates her due process rights. (*See generally* Obj.) The court considers Petitioner's objections in turn.

**A.     Mandatory Injunctive Relief**

Petitioner objects that Magistrate Judge Vaughan "erroneously holds that the relief [Petitioner] seeks in her TRO is mandatory in nature, and thus subject to a higher standard of proof than likelihood of success on the merits." (Obj. at 2 n.1; *see* R&R at 9-10.) Respondents counter that the relief Petitioner seeks is mandatory because Petitioner "asks this Court to require ICE to take affirmative action, either by releasing her from immigration detention, or in the alternative, provide a bond hearing." (Resp. at 3.) On de novo review, the court finds that Petitioner seeks mandatory injunctive relief, meaning her motion for a TRO is subject to the heightened mandatory injunction standard.

"'A mandatory injunction orders a responsible party to take action,' while '[a] prohibitory injunction prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits.'" *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1060-61 (9th Cir. 2014) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878-79 (9th Cir. 2009)). A request for an order granting the "ultimate relief" sought in an action is a request for a mandatory injunction. *Guajardo v. Mukasey*, No. C 08-1929 PJH, 2008 WL 1734517, at *1 (N.D. Cal. Apr. 11, 2008). Mandatory injunctions are "particularly disfavored," and the "district court should deny such relief 'unless the facts and law clearly favor the moving party.'" *Stanley v.*

//

1  *Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (quoting *Anderson v. United States*,
2  612 F.2d 1112, 1114 (9th Cir. 1979)).

3  Here, Petitioner "seeks a temporary restraining order directing her immediate
4  release" or, in the alternative, "an order directing the Tacoma Immigration Court to
5  promptly provide her with a bond hearing." (TRO Mot. at 2.)  Thus, Petitioner explicitly
6  requests a departure from the status quo and indeed requests the ultimate relief she seeks
7  in this action.  The court therefore OVERRULES Petitioner's objection on this ground.

8  **B.     Rehabilitation Act**

9  Petitioner objects that Magistrate Judge Vaughan misapplied the causation
10 standard for claims under Section 504 of the Rehabilitation Act, mischaracterized
11 Petitioner's request for an accommodation as an allegation of inadequate medical
12 treatment, and erroneously concluded that Petitioner's requested accommodation is an
13 unreasonable fundamental alteration.  (Obj. at 2-3; *see* R&R at 16-18.)  Reviewing de
14 novo, the court finds no error in Magistrate Judge Vaughan's Rehabilitation Act analysis.

15 Section 504 of the Rehabilitation Act states in relevant part that "[n]o otherwise
16 qualified individual with a disability . . . shall, solely by reason of her or his disability, be
17 excluded from the participation in, be denied the benefits of, or be subjected to
18 discrimination under any program or activity receiving Federal financial assistance." 29
19 U.S.C. § 794(a).  Actionable discrimination must, however, be "because of disability,"
20 and not merely "because of inadequate treatment for disability." *Vaughn v. Klamath*
21 *Cnty. Fire Dist. No. 1*, No. 1:22-cv-00161-CL, 2024 WL 1701972, at *8 (D. Or. Apr. 19,
22 2024) (quoting *Fetter v. Bonner*, No. 2:12-cv-02235-BEG-EFB, 2014 WL 654575, at *5

1 | (E.D. Cal. Aug. 13, 2014)); *see also Ledford v. California*, No. 2:15-cv-02381-TLN-EFB,
2 | 2018 WL 4352933, at *5 (E.D. Cal. Sept. 11, 2018) ("Plaintiff's allegations at best
3 | demonstrate a failure to provide adequate, timely, and competent medical treatment
4 | rather than discrimination in violation of . . . Section 504." (internal quotations omitted));
5 | *O'Guinn v. Nev. Dep't of Corr.*, 468 F. App'x 651, 653 (9th Cir. 2012) ("The district
6 | court correctly concluded that key elements of . . . [a Rehabilitation Act] claim cannot be
7 | reconciled with medical treatment decisions for the underlying disability.").

       The denial of a "reasonable accommodation" that a qualified individual "needs in order to enjoy meaningful access to the benefits of public services" constitutes discrimination under Section 504. *Mark H. v. Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010). Reasonable accommodation does not, however, "require an organization to make fundamental or substantial alterations to its programs." *Id.* at 1098; *cf. Siskos v. Sec'y, Dep't of Corr.*, 817 F. App'x 760, 765 (11th Cir. 2020) (finding no merit in Rehabilitation Act claim alleging that defendant denied a reasonable accommodation by failing to release an inmate to a residential treatment facility because the requested action would "fundamentally alter the nature" of the correctional department's imprisonment services).

       Here, Magistrate Judge Vaughan correctly concluded that Petitioner fails to show a likelihood of success on her Rehabilitation Act claim because Petitioner does not "show, or even allege, [that] she was denied benefits 'solely by reason' of her disability." (R&R at 17-18.) As Respondents argue, Petitioner's "request for release as an 'accommodation' is analogous to claiming that she has received inadequate treatment

while in detention." (Resp. at 5.) Because the only "discrimination" Petitioner identifies is the failure "to receive effective treatment for her chronic PTSD and symptoms of suicidal ideation" (TRO Mot. at 19), Petitioner fails to establish that Respondents discriminated against her solely by reason of her disability. *See Vaughn*, 2024 WL 1701972, at *8; *see also Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 650 (9th Cir. 2021) ("Plaintiffs at most demonstrated that they were subjected to inadequate national policies that they claimed reflected deliberate indifference to COVID-19; they did not show they were treated differently from other detainees 'solely by reason' of their disabilities."). The court also agrees with Judge Vaughan's finding that Petitioner's request for release outside of the context of a removal proceeding would constitute a fundamental or substantial alteration to Respondents' detention program. (*See* R&R at 18.) The court therefore OVERRULES Petitioner's objections on these grounds.

## C. Prolonged Detention

Finally, Petitioner objects that Magistrate Judge Vaughan erred by applying the wrong legal test in analyzing Petitioner's due process claim based on her prolonged detention and by finding that two factors under that test were neutral rather than favorable to Petitioner. (Obj. at 8-13; R&R at 18-26.) The court again finds, upon de novo review, no error in Magistrate Judge Vaughan's analysis.

### 1. <u>Legal Test</u>

First, Petitioner argues that Magistrate Judge Vaughan erred by analyzing Petitioner's claim under the eight-factor test in *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089 (W.D. Wash. May 23, 2019), as opposed to the

six-factor test in *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019). (Obj. at 8; *see* R&R at 20.) Petitioner's position is perplexing because, as Magistrate Judge Vaughan acknowledged, both Petitioner and Respondents applied the *Martinez* test in their briefing. (R&R at 20; *see* TRO Mot. at 21).) The court concludes that *Martinez* sets forth the appropriate test in this case.

In addition to the six *Banda* factors, the *Martinez* test considers "the nature of the crimes the petitioner committed" and "whether the detention will exceed the time the petitioner spent in prison for the crime that made [her] removable." *Martinez*, 2019 WL 5968089, at *7. These factors were not applicable in *Banda*, in which the petitioner was not subjected to criminal prosecution. *See generally Banda*, 385 F. Supp. 3d 1099. Because Petitioner was sentenced to a 57-month prison term prior to her immigration detention, however, the *Martinez* factors apply in this case. (*See* R&R at 22.)

Accordingly, Magistrate Judge Vaughan's decision to analyze Petitioner's claim under the *Martinez* test was correct, and the court OVERRULES Petitioner's objection on this ground.

2.  Standards

Second, Petitioner argues that, for two of the factors common under *Martinez* and *Banda*, Magistrate Judge Vaughan "fail[ed] to apply the correct legal standards." (Obj. at 11.) The court disagrees and concludes that Magistrate Judge Vaughan correctly found the sixth and seventh *Martinez* factors to be neutral. (*See* R&R at 24-25.)

Under the sixth and seventh *Martinez* factors, the court considers "the nature and extent of any delays in the removal proceedings caused by the petitioner and the

1 government, respectively." *Martinez*, 2019 WL 5968089, at *10.  In this case, these
2 factors are neutral because all seven continuances of Petitioner's removal proceedings
3 were made at Petitioner's request or upon motion by her counsel.  (Winkle Decl. (Dkt.
4 # 9) ¶ 9; *see* R&R at 24-25.)  The court therefore OVERRULES Petitioner's objection on
5 this ground.

### III.  CONCLUSION

For the foregoing reasons, the court OVERRULES Petitioner's objections (Dkt. # 16) and ADOPTS Magistrate Judge Vaughan's report and recommendation (Dkt. # 15) in its entirety.  The court DENIES Petitioner's motion for a temporary restraining order (Dkt. # 2).  The court DIRECTS the Clerk to send a copy of this order to Judge Vaughan.

Dated this 6th day of June, 2024.

JAMES L. ROBART
United States District Judge